**In the Matter of Charles Lee ROSS, Debtor.**

**Bankruptcy No. BK90–82254.**

United States Bankruptcy Court, D. Nebraska.

June 19, 1991.

**313**

Howard Duncan, Omaha, Neb., for debtor.

Loren Mark, Omaha, Neb., for U.S.

## ORDER

TIMOTHY J. MAHONEY, Chief Judge.

This matter concerns an objection filed by the United States to the Chapter 13 plan of Charles Ross (Debtor). A hearing was held on this objection on April 29, 1991. Howard Duncan appeared on behalf of the debtor. Loren Mark appeared on behalf of the United States.

The claim of the United States consists of income tax liabilities for the taxable year ending December 31, 1986. The 1986 income tax return was last due on April 15, 1987. The United States contends that this claim is entitled to priority pursuant to 11 U.S.C. § 507(a)(7)(A)(i). This provision grants priority status to tax claims for which a return was last due within three years of the filing of the bankruptcy petition. The debtors argue that the claim of the United States is not entitled to priority under this provision because the tax claim was not due within three years of the filing of the bankruptcy petition. The United States argues, however, that the three-year limitation period under this provision was suspended by the debtor's previous bankruptcies. In support of this position, the United States cites *In re Molina*, 99 B.R. 792 (S.D.Ohio 1988). After a hearing on this matter, the debtor was granted 14 days to locate any case law contrary to the position of the United States. The debtor subsequently notified this Court that they could find no case law contrary to that submitted by the United States.

Having reviewed the facts and the law regarding this matter, the Court sustains the objection of the United States. Under 26 U.S.C. § 6503(b), as activated by 11 U.S.C. § 108(c), the three-year statute of limitations provided by Section 507(a)(7)(A)(i) is suspended until the debtor's assets are no longer under court control and for six months thereafter. *Molina* at 795; *In re Brickley*, 70 B.R. 113, 115 (9th Cir.1986). The facts in the present case indicate that the debtor was in Chapter 13 bankruptcy on April 15, 1987, which is the date when the 1986 income tax was last due. This bankruptcy action was dismissed in August of 1988. Therefore, the three-year period for determining tax claim priority status did not even begin to run until August 18, 1988. This date is within three years of the debtor's filing of bankruptcy in January of 1991. Additionally, the Court notes that the debtor also filed a Chapter 13 bankruptcy on February 10,

1989. This bankruptcy was not dismissed until January 18, 1991. Thus, even after August of 1988, the three-year period of limitations at issue was again suspended for approximately two years. Considering all of these facts, the Court must conclude that the claim of the United States for income tax liabilities for the taxable year ending December 31, 1986, was timely filed pursuant to 11 U.S.C. § 507(a)(7)(A)(i). Therefore, the claim of the United States is entitled to priority status.

The debtor's plan does not provide for full payment of the Government's priority tax claim. Therefore, the debtor's plan does not comply with 11 U.S.C. § 1322(a)(2). For this reason, the objection of the United States to the debtor's Chapter 13 plan is sustained.