**In re Charles Edward SIRMAN, Debtor.**

**Bankruptcy No. 93–04786–BKC–6B3.**

United States ·Bankruptcy Court,
M.D. Florida,
Orlando Division.

April 4, 1994.

Robert Branson, Fox & Brewer, Orlando, FL, for debtor.

Philip Doyle, U.S. Dept. of Justice, Washington, DC, for U.S., I.R.S.

### MEMORANDUM OPINION

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on the Debtor's Verified Objection to Claim No. 1 of the Internal Revenue Service. Appearing as attorney for the Debtor, Charles Sirman, was Robert Branson. Philip Doyle appeared as attorney for the United States of America, Internal Revenue Service, and Richard Palmer, Trustee, appeared. After consideration of arguments of counsel and authorities for their respective positions, the Court makes

the following findings of fact and conclusions of law.

## FINDINGS OF FACT

The Debtor filed for relief under Chapter 13 of the Bankruptcy Code on June 10, 1992, Case No. 92–03556. On or about March 17, 1993, that proceeding was dismissed. The bankruptcy proceeding and the automatic stay of Section 362 were in effect for a total of 280 days. The United States had a priority claim in that case for the Debtor's income tax liability for 1989 because it was for a tax due within 3 years of the petition date.

The Debtor filed a second Chapter 13 petition on October 5, 1993. The Internal Revenue Services on behalf of the United States filed a Proof of Claim on October 26, 1993 asserting a secured claim in the amount of $4,800.00, an unsecured priority claim in the amount of $11,122.21, and an unsecured general claim in the amount of $17,446.00, for a total claim of $33,368.21. On December 16, 1993, the Debtor served his objection to the Proof of Claim filed by the Internal Revenue Service on behalf of the United States alleging that the claim for 1989 federal income taxes was not entitled to priority status.

## CONCLUSIONS OF LAW

The issue is whether the filing of a prior bankruptcy suspends the time for determining tax claim priority under 11 U.S.C. § 507(a)(7)(A). Section 507(a)(7)(A) provides seventh priority for,

(7) Seventh, allowed unsecured claims of governmental units, only to the extent that such claims are for—

(A) a tax on or measured by income or gross receipts—

(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;

11 U.S.C. § 507(a)(7)(A)(i).

■ The due date of the tax return determines the priority. *In re Ringdahl,* Bankr. L.Rep. (CCH) ¶ 74,082 1991 WL 284105 (Bankr.M.D.Fla.1991) *citing* S.REP. (Reform

Act of 1978), *reprinted in* Norton, *Bankr. Code Pamphlet* 361 (1990–1991 ed.). The 1989 tax return was due April 15, 1990. *See* 26 U.S.C. § 6072(a). As the present petition was filed October 5, 1993, the due date for the 1989 tax return was more than three years before the filing of this petition.

■ The Bankruptcy Code tolls non-bankruptcy statutes of limitation for the pendency of bankruptcy proceedings. *See* 11 U.S.C. § 108(c). In addition, 26 U.S.C. § 6503(h) suspends the limitation period for collection of taxes for the pendency of the bankruptcy proceedings and six months thereafter. These provisions ensure the Government has adequate time to collect nondischargeable taxes after bankruptcy. *See* S.REP. No. 989, 95th Cong., 2d Sess. 30–32 (1978), U.S.Code Cong. & Admin.News 1978, 5787, 5816–5818.

■ The three year period provided for in Section 507 of the Bankruptcy Code was extended by the additional 280 days of protection of the automatic stay the Debtor was afforded in the previous bankruptcy pursuant to 11 U.S.C. § 362. *See e.g., United States v. Richards (In re Richards),* 994 F.2d 763 (10th Cir.1993); *In re West,* 5 F.3d 423 (9th Cir.1993); *Montoya v. United States (In re Montoya),* 965 F.2d 554 (7th Cir.1992). *See also In re Brickley,* 70 B.R. 113 (9th Cir. BAP 1986); *United States v. Deitz (In re Deitz),* 116 B.R. 792 (D.Colo.1990); and *Stoll v. IRS (In re Stoll),* 132 B.R. 782 (Bankr. N.D.Ga.1990).

■ Prior to the first bankruptcy filing, approximately two years and two months had passed since the 1989 tax return was due. The Debtor filed the present bankruptcy case almost seven months after the first bankruptcy case was dismissed. Therefore, the three year period had not expired before the Debtor filed the present bankruptcy case. *Ringdahl, citing Florence v. IRS (In re Florence),* 115 B.R. 109, 111 (Bankr.S.D.Ohio 1990).

Accordingly, the tax liability for 1989 remains a priority claim in this case. The Debtor's objection to the claim filed by the

Internal Revenue Service is due to be over-ruled and the claim allowed.