**In re John Damon SHEDD, Michelle Lisa Shedd, Debtors.**

**John Damon SHEDD, Michelle Lisa Shedd, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

Bankruptcy No. 95–3327–8P7.

Adv. No. 95–537.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Jan. 10, 1996.

Jay D. Passer, Tampa, Florida, for Plaintiffs.

John Galotto, Washington, DC, for Defendant.

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing with due notice on Motions for Summary Judgment; the first filed by both John Damon Shedd and his wife, Michelle Lisa Shedd (Debtors), and the second by the United States of America (Government), the Defendant named in the above-captioned adversary proceeding. The Debtors' Complaint sought a determination by this Court that federal income taxes and attendant interest and penalties, admittedly due and owing by the Debtors for the 1989 tax year, should be dischargeable. The Government contends that this obligation should be excepted from the overall protective provisions of the general bankruptcy discharge under § 523(a)(1)(A) of the Bankruptcy Code because the taxes are among those afforded priority under § 507(a)(8)(A)(i) of the Code. The facts relevant to this controversy as established by the

record are undisputed and may be summarized as follows.

On December 3, 1990, Debtors filed a Petition for Relief under Chapter 13 of the Bankruptcy Code. The case was dismissed with prejudice on June 22, 1992. While the Debtor's Chapter 13 case was pending, the Government was precluded from collecting the taxes which were due and owing because of the imposition of the automatic stay by 11 U.S.C. § 362(a). At the time the Chapter 13 Petition was filed, the Debtors owed federal income taxes for both the 1988 and 1989 tax years. The parties have stipulated that the 1988 taxes are dischargeable. Therefore, the only issue for this Court to consider is the dischargeability, vel non, of the debt for federal income taxes and attendant interest and penalties, due and owing by the Debtors for the 1989 tax year. According to Government Exhibit B, the amount of income taxes owed for 1989 as of September 11, 1995, is $21,365.50. The Petition for the instant Chapter 7 case was filed on April 10, 1995. It is without dispute that the taxes for 1989 were due on April 15, 1990, more than 240 days before the filing of this case.

In support of its contention, the Government relies on § 523(a)(1)(A) and § 507(a)(8) of the Bankruptcy Code which provide in pertinent part, as follows:

§ 523. Exceptions to Discharge

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(1) for a tax or a customs duty—

(A) of the kind and for the periods specified in ... § 507(a)(8) of this title, . . . .

§ 507. Priorities

(a) The following expenses and claims have priority in the following order:

(8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for—

(A) a tax on or measured by income or gross receipts—

(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;

The Government asserts that the taxes in question satisfy the requirements of § 507(a)(8)(A)(i) as a priority claim, which should be excepted from discharge as a matter of law. The cornerstone of the Government's argument is that during the pendency of the Debtor's Chapter 13 case, the three-year priority period of § 507(a)(8)(A)(iii) has tolled or suspended. In support of this proposition, the Government relies on 11 U.S.C. § 108(c) which adopts the provision in 26 U.S.C. § 6503 adding an additional six months to the limitation period. Section 6503(h) of the Internal Revenue Code states in relevant part:

(h) Cases under title 11 of the United States Code. The running of the period of limitations provided in section 6501 or 6502 on the making of assessments or collection shall, in a case under title 11 of the United States Code, be suspended for the period during which the Secretary is prohibited by reason of such case from making the assessment or from collection and—

(1) for assessment, 60 days thereafter, and

(2) for collection, 6 months thereafter.

The vast majority of courts conclude that the three-year priority period under § 507(a)(8) of the Bankruptcy Code is tolled during the pendency of a case under Title 11, which in turn suspends the passage of time for the purpose of determining the applicability of the exception to discharge provided for by § 523(a)(1). In the case of *In re Brickley*, 70 B.R. 113 (9th Cir. BAP 1986), the court examined the legislative history of 11 U.S.C. § 108(c), contained in Senate Report 95–989, 95th Cong. 2nd Sess. 30 (1978) U.S.Code Cong. & Admin.News 1978 at pp. 5787, 5816. The court held that the suspension contained in 26 U.S.C. § 6503(b) applies in bankruptcy and that 11 U.S.C. § 108(c) suspends the running of the three-year period contained in § 523 and § 507 of the Bankruptcy Code. *Id.* at 115; *See also, In re Harris*, 167 B.R. 680 (Bankr.M.D.Fla.1994). Most courts that

have addressed this issue have concluded as did the *Brickley* court, that 11 U.S.C. § 108(c) acts to suspend the running of the priority period. *In re West,* 5 F.3d 423 (9th Cir.1993), *cert. denied. West v. U.S.,* —— U.S. ——, 114 S.Ct. 1830, 128 L.Ed.2d 459 (1994); *In re Montoya,* 965 F.2d 554 (7th Cir.1992); *In re Ringdahl,* 313 Bankr.L.Rep. (CCH) ¶ 74,082, 1991 WL 284105 (Bankr. M.D.Fla.1991); *In re Grogan,* 158 B.R. 197 (Bankr.E.D.Cal.1993); *Molina v. U.S.,* 99 B.R. 792 (S.D.Ohio 1988); *In re Ross,* 130 B.R. 312 (Bankr.Neb.1991). The Debtors urge the Court to adopt the reasoning of the Bankruptcy Court in *In re Gore,* 182 B.R. 293 (Bankr.N.D.Ala.1995), which rejected the proposition that the priority period for taxes under § 507 is tolled during the pendency of a Bankruptcy case. This Court declines to accept that argument and adopts the position of the majority of courts, which provides for the tolling of the priority period for taxes while a case is in bankruptcy.

Notwithstanding the Debtor's argument, this Court is satisfied that the priority period for taxes under § 507 of the Bankruptcy Code is tolled during the pendency of a Bankruptcy case, thereby preventing uncollected taxes from becoming stale and dischargeable merely because the Government is prevented from collecting such taxes by operation of the automatic stay. Furthermore, courts have consistently held that the additional six months afforded the Internal Revenue Service to resume collection activities after the conclusion of a Bankruptcy Case also served to toll the running of the priority period, thereby preserving the non-dischargeability of the taxes for the full term provided in the Code.

Based on the foregoing, this Court is satisfied that from the due date of the Debtor's income taxes on April 15, 1990, through the filing of the first Chapter 13 Petition on December 3, 1990, 232 days of the three-year priority period had elapsed, at which time, by operation of the automatic stay, the Government was precluded from attempting to collect the taxes. Upon the filing of the Petition, the priority period under § 507(a)(8) was suspended, and remained suspended until December 22, 1992, six months following

the dismissal of the Chapter 13 Case. At that time, the three-year priority period resumed and ran for 840 additional days, for a total of 1072 days. The running of the priority period was suspended again as of April, 10, 1995, by operation of the automatic stay, when the Debtors filed their Petition for Relief in the instant case. The total time period which elapsed from the three-year priority period prior to the filing of the Petition for Relief in this case is 1072 days, which is less than three years. Therefore, the Debtors' 1989 taxes and all interest and penalties pertaining thereto are priority claims of the Government under § 507(a)(8)(A)(i), and are non-dischargeable taxes under § 523(a)(1)(A).

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by the Debtors is hereby DENIED. It is further,

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by the Defendant is hereby GRANTED and the Debtors' obligation for federal income taxes and attendant interest and penalties, due and owing by the Debtors for the 1989 tax year is excepted from discharge pursuant to 11 U.S.C. § 523(a)(1)(A).

A separate final judgment shall be entered in accordance with the foregoing.

DONE AND ORDERED.