**In re James C. STRICKLAND and H. Elaine Strickland, Debtors.**

**Bankruptcy No. 95–01118.**

United States Bankruptcy Court, D. Idaho.

April 10, 1996.

D. Blair Clark, Ringart Clark Chartered, Boise, Idaho, for debtors.

Christopher D. Hatfield, Special Assistant U.S. Attorney, Internal Revenue Service, Boise, ID.

Brian D. Nicholas, Deputy Attorneys General, State of Idaho, Boise, ID.

Bernie Rakozy, Trustee.

## MEMORANDUM OF DECISION

ALFRED C. HAGAN, Bankruptcy Judge.

James C. Strickland and H. Elaine Strickland (the "Debtors") object to the priority claims of the Internal Revenue Service ("Service") for tax years 1990 and 1991 and the priority claim of the Idaho State Tax Commission (the "Tax Commission") for the 1991 tax year.

### FACTUAL BACKGROUND

The Debtors' federal income tax returns for tax years 1990 and 1991 were timely filed.

The Debtors' Idaho state income tax return for 1991 was due on April 15, 1992. The Debtors filed their Idaho return on April 16, 1992.

On April 30, 1992, the Debtors filed a Chapter 13 petition in the U.S. Bankruptcy Court for the District of Idaho. *See In re Strickland,* Bankr. Case No. 92–01409. Pursuant to General Order No. 2, the Service assessed the taxes for 1990 and 1991 on May 11, 1992.

On November 2, 1992, the Debtor's prior Chapter 13 case was converted to Chapter 7, and on February 2, 1993, the Debtors received a discharge. The Service began collection efforts shortly after the Debtors received their discharge.

The Debtors filed their voluntary Chapter 13 petition in the present case on April 20, 1995.

### DISCUSSION

The Service contends the taxes assessed for 1990 and 1991 have priority under § 507(a)(8)(A)(i). The Idaho State Tax Commission contends that pursuant to § 507(a)(8)(A)(i), the state taxes assessed for 1991 also have priority.

Section 507(a) gives priority to:

(A) a tax on or measured by income or gross receipts—

(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition.

11 U.S.C. 507(a)(8)(A)(i).

The Debtors' tax returns for 1991 were due three years and five days before the three year period preceding this petition. However, the Service contends the three year period was tolled pursuant to I.R.C. 6503(h) (as incorporated by Code § 108(c)) by the filing of the Debtors' previous Chapter 13 petition. I.R.C. § 6503(h)[1] tolls the statute of limitations for assessing or collecting taxes during the period the Service is prohibited from assessing or collecting a tax pursuant to Title 11. In addition the statute of limitations is tolled for an additional 60 days thereafter for assessment and six months thereafter for collection of taxes.

Code § 108(c) provides:

Except as provided in section 524 of this title, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a

---

1. I.R.C. § 6503(h) provides:
   The running of the period of limitations provided in section 6501 or 6502 on the making of assessments or collection shall, in a case under title 11 of the United States Code, be suspended for the period during which the Secretary is prohibited by reason of such case from making the assessment or from collecting and—
   (1) for assessment, 60 days thereafter, and
   (2) for collection, 6 months thereafter.
   26 U.S.C. § 6503(h).

claim against the debtor, or against an individual with respect to which such individual is protected under section 1201 or 1301 of this title, and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.

11 U.S.C. § 108(c).

Although 108(c) appears to apply only to non-bankruptcy statutes of limitations, the vast majority of those courts considering the issue, including the Ninth Circuit Court of Appeals, have held that I.R.C. § 6503 as incorporated by § 108(c) tolls the time periods for determining priority taxes under § 507(a)(8) (formerly 11 U.S.C. § 507(a)(7) (West Supp.1994). *In re West*, 5 F.3d 423 (9th Cir.1993) (Code § 108(c) and I.R.C. § 6503(h)(2) tolls the time period set forth in § 507(a)(7)(A)(ii) (West Supp.1993) (renumbered § 507(a)(8)(A)(ii)); *In re Brickley*, 70 B.R. 113 (9th Cir. BAP 1986) (applying I.R.C. § 6503(b) [2] tolling statute to § Code § 507(a)(7)(A)); *In re Montoya*, 965 F.2d 554 (7th Cir.1992). *See also* cases cited in *In re West*, 5 F.3d at 427 n. 9.

Thus, the Service contends that since it could not collect the taxes during the Debtors' previous bankruptcy until after the Debtors received their chapter 7 discharge, the three year time period of § 6503(h) was tolled from the date the Debtors filed their petitions until six months after the Debtors received their discharge. Consequently the taxes due for both 1990 and 1991 are within the three year period of § 507(a)(8)(A).

▮ Similarly, the Tax Commission contends that pursuant to § 108(c), statutes tolling the statute of limitations for the collection of state taxes during the proceeding under Title 11 also toll the priority periods of § 507(a)(8)(A). Sections 108(c) and 507(a)(8)(A) do not distinguish between state and federal taxes. Accordingly, I conclude Congress intended state tolling statutes as well as federal tolling statutes to toll the time periods set forth in § 507(a)(8). *See In re Gurney*, 192 B.R. 529, 536 (9th Cir. BAP 1996) (holding that § 108(c) does incorporate state tolling statutes, but does not incorporate unlimited or open ended state statutes of limitations).

▮ Idaho Code § 63–3068(m) [3] tolls the statue of limitations for assessing and enforcing Idaho state income taxes while the taxpayer is protected by the § 362 automatic stay and for a period of thirty days thereafter. Accordingly, I.C. § 63–3068(m) tolls the three year period set forth in Code section 507(a)(8)(A)(i) and thus, the Tax Commission's claim for 1991 taxes is a priority claim.

▮ Nevertheless, the Debtors contend that *In re West* and *In re Brickley* should not be applied in this case because the Debtors did not intend to engage in a pattern of evading income taxes through the use of multiple bankruptcies. It is true that the debtors in *In re West* and *In re Brickley* engaged in a pattern of multiple bankruptcies which frustrated the Service' attempts to collect the disputed income taxes. Further, the *In re West* court noted that "interpreting § 108(c) literally would allow a debtor to create an 'impenetrable refuge' by filing a bankruptcy petition, waiting for § 507(a)(7)'s priority periods to expire, and then dismissing the case and refiling shortly thereafter."

**2.** I.R.C. § 6503(b) provides:

(b) The period of limitations on collection after assessment prescribed in section 6502 shall be suspended for the period the assets of the taxpayer are in the control or custody of the court in any proceeding before any court of the United States or of any State or of the District of Columbia, and for 6 months thereafter.

26 U.S.C. § 6503(b).

**3.** Idaho Code § 63–3068(m) provides:

The expiration of the period of limitations as provided in this section shall be suspended for the time period during which the state tax commission is prohibited from issuing a notice of deficiency, making the assessment, or from collecting by levy or a proceeding in court, and for thirty (30) days thereafter.

Idaho Code § 63–3068(m).

*In re West,* 5 F.3d at 426 (*citing, In re Florence,* 115 B.R. 109, 111 (Bankr.S.D.Ohio 1990). However, neither the *In re West* nor the *In re Brickley* court relied on the debtors' intent or the particular circumstances in the case when determining that § 108(c) will allow § 6503 to toll the priority periods of § 507(a)(8).

In *In re West,* the court relied on Congress' intent to provide "the IRS with a specific period of time within which to collect taxes." In addition the court adopted the reasoning of the *In re Brickley* court that a literal reading of § 108(c) would render § 6503 meaningless, "since collectability is obviously useless if the tax debt has been discharged." *In re West,* 5 F.3d at 426 (*citing In re Brickley,* 70 B.R. at 113). Thus, *In re West* and *In re Brickley* stand for the proposition that § 6503 tolls the statute of limitations under § 507(a)(7) under all circumstances, not just those cases in which the debtors' conduct is egregious.[4]

The Debtors also contend that *In re West* is distinguishable because their previous chapter 13 case was converted to chapter 7, and in *In re West* the debtors' previous case was a chapter 13. However, the relevant question is not which chapter the previous bankruptcy was filed under but whether collection of taxes was stayed during the previous action. In the Debtors' previous chapter 7, the stay against collection remained in effect until the Debtors received their discharge on February 2, 1993.

Next, the Debtors contend that I.R.C. § 6503 and I.C. § 63–3068(m) do not apply because this Court's General Order No. 2 grants the Service and the Tax Commission automatic relief from the automatic stay to make voluntary assessments and the Service did make voluntary assessments during the Debtors' previous bankruptcy.[5] The Service's ability to make assessments is not determinative of the application of either I.R.C. § 6503(i); nor is the Tax Commission's ability to assess determinative of I.C. § 63–3068(m). Both sections apply whenever the Service or the Tax Commission is unable to either collect or assess taxes. Accordingly, mere permission to assess taxes without the ability to collect them does not limit the application of either I.R.C. § 6503(i) or I.C. § 63–3068(m). *See In re West,* 5 F.3d at 424 (where Service had assessed taxes prepetition but was prohibited from collecting taxes during the case, the 240 day period under § 507(a)(7)(A)(ii), 6503(i) tolled the 240 days for the duration of the bankruptcy plus six months).

In addition, the Debtors contend that § 6503 should not be applied in this case because the Service began collection efforts during the six months following their discharge, an action they contend was in violation of § I.R.C. § 6503(b). However, neither § 6503(b) or § 6503(i) prohibit the Service from collecting or assessing taxes for six months following discharge. Both sections merely suspend the statute of limitations for six months. Accordingly, the Service may begin assessment and collection efforts as soon as the § 362 automatic stay is lifted without losing its rights under I.R.C. § 6503.

Accordingly, the federal taxes for 1990 and 1991 are both priority debt under § 507(a)(8)(A)(i). The Idaho state income taxes for 1991 are also priority debt.

## CONCLUSION

The Debtors' objections to the priority claims of the Internal Revenue Service and the Idaho State Tax Commission are denied. A separate order will be entered.

---

4. The intent to avoid taxes is relevant to equitable tolling under § 105(a). *See In re Gurney,* 192 B.R. 529, 537 (9th Cir. BAP 1996); *In re Richards,* 994 F.2d 763, 766 (10th Cir.1993). However, because § 6503(h) tolls the statute of limitations in this case, this court need not reach the question of whether the three year period of § 507(a)(8)(A)(i) may be equitable.

5. The Service contends General Order No. 2 is invalid. However, because the validity and or invalidity of General Order No. 2 is not determinative of the priority status of the taxes, I do not reach the issue of its validity.