**In re Donald G. McMILLAN, Debtor.**

**Donald G. McMILLAN, Plaintiff,**

v.

**UNITED STATES of America, acting By and Through the INTERNAL REVENUE SERVICE, Defendant.**

Bankruptcy No. 96–70073.
Adversary No. 96-7016.

United States Bankruptcy Court,
M.D. Georgia,
Valdosta Division.

Nov. 15, 1996.

---

**836**

David R. Hege, Tifton, GA, for plaintiff.

Lillian H. Lockary, Assistant U.S. Attorney, Macon, GA, for defendant.

### MEMORANDUM OPINION

JOHN T. LANEY, III, Bankruptcy Judge.

On August 13, 1996, the court held a pretrial conference on Debtor's complaint to determine dischargeability of taxes. At the pretrial conference, the parties agreed to file a joint stipulation of facts and to submit briefs for the court's review. Upon review of the briefs as well as applicable statutory law and case law, the court, for reasons indicated below, will find the taxes in question nondischargeable.

On May 10, 1993, Debtor filed for relief under Chapter 13 of the Bankruptcy Code ("Code") (Case No. 93–70242). After eighty-five (85) days, Debtor's Chapter 13 case was dismissed. While Debtor's Chapter 13 case was pending, the IRS was prohibited by the automatic stay from collecting the past due taxes. 11 U.S.C. § 362. Thereafter, on January 25, 1996, Debtor filed the pending Chapter 7 case. At the time Debtor filed for Chapter 7 relief, he owed taxes for years of 1991 and 1995. Debtor had requested and received an extension to file his 1991 tax return until October 15, 1992. Subsequently, on November 19, 1992, Debtor filed the 1991 tax return. As of the petition date, Debtor's liability for the 1991 taxes is $41,355.21.

On May 8, 1996, Debtor filed this adversary proceeding to determine dischargeability of the 1991 taxes. Debtor claims that the 1991 taxes do not fall within an exception to discharge and are therefore dischargeable. The Internal Revenue Service ("IRS") disagrees, claiming the 1991 taxes are excepted from discharge by § 523(a)(1)(A) of the Code.

Under § 727(b) a debtor may, with certain exceptions, be discharged from all debts that were incurred prepetition. Section 523 of the Code provides exceptions to the general rule of dischargeability. More specifically, § 523(a)(1)(A) provides that a debtor is not discharged from a debt for taxes of the kind specified within § 507(a)(8) of the Code. Section 507(a)(8) accords priority status to tax debts:

(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition; [or]

(ii) assessed within 240 days, plus any time plus 30 days during which an offer in compromise with respect to such tax that was made within 240 days after such assessment was pending, before the date of the filing of the petition.

11 U.S.C. § 507(a)(8)(A)(i) and (ii).

As a result, any unpaid federal taxes that have been due for more than three years are usually dischargeable.

Debtor's 1991 taxes were due October 15, 1992 (the extension date). When Debtor filed for Chapter 13 relief on May 10, 1993, the 1991 taxes were clearly nondischargeable. However, by the time Debtor filed for Chapter 7 relief on January 25, 1996, the three year lookback period of

§ 507(a)(8)(A)(i) of the Code had expired. The IRS contends that the three year lookback period was suspended during the pendency of Debtor's first case because the IRS was prohibited from collecting on its debt by virtue of the § 362 automatic stay. Therefore, the IRS concludes, the taxes are also nondischargeable in Debtor's present case.

 The issue in the instant case is whether § 108(c) of the Code, in conjunction with 26 U.S.C. 6503(h), suspends the three year lookback period of § 507(a)(8). The majority of courts that have considered this issue have concluded that the lookback period is suspended. For example, in *In re Taylor*, 81 F.3d 20 (3d Cir.1996), the court found:

> Section 108(c) of the Bankruptcy Code 'extends the statute of limitations for creditors in actions against the debtor, where the creditor is hampered from proceeding outside the bankruptcy court due to the [automatic stay] provisions of 11 U.S.C. § 362.' *In re Brickley*, 70 B.R. 113, 115 (9th Cir. BAP 1986). Likewise, § 6503(h) of the Internal Revenue Code suspends the tax collection limitation period while the debtor's assets are in the custody or control of any court and for an additional six months after dismissal of the debtor's case.

*Taylor*, 81 F.3d at 23.

Moreover, "Section 108(c) implicitly incorporates the limitations period of § 6503 by preserving nonbankruptcy statutes of limitations which have not yet expired." *Montoya v. United States (In re Montoya)*, 965 F.2d 554, 557 (7th Cir.1992). *See also Shedd v. United States (In re Shedd)*, 190 B.R. 692 (Bankr.M.D.Fla.1996) ("This court is satisfied that the priority period for taxes under § 507 of the Bankruptcy Code is tolled during the pendency of a Bankruptcy case."); *Stoll v. Internal Revenue Service (In re Stoll)*, 132 B.R. 782 (Bankr.N.D.Ga.1990) (Three year period prior to filing bankruptcy petition, before which tax debts are dischargeable, was suspended during course of Chapter 7 debtor's earlier Chapter 13 proceeding). Furthermore, a look at the legislative history of § 108(c) of the Code reveals the Congressional intent regarding tax liabilities. The legislative history provides:

> In the case of Federal tax liabilities, the Internal Revenue Code suspends the statute of limitations on a tax liability of a taxpayer from running while his assets are in control or custody of a court and for 6 months thereafter.... The amendment applies this rule in a title 11 proceeding. Accordingly, the statute of limitations on a collection of a nondischargeable Federal tax liability of a debtor will resume running after 6 months following the end of the period during which the debtor's assets are in the control or custody of the bankruptcy court.

S.Rep. No. 989, 95th Cong., 2nd Sess. 30–31 (1978).

Debtor urges the court to adopt the minority position, as illustrated by the court in *Gore v. United States (In re Gore)*, 182 B.R. 293 (Bankr.N.D.Ala.1995). In that case the court, adhering to the strict language of the statute, declined to apply § 108(c) of the Code to §§ 523 and 507. The court stated that "[t]axes are neither time periods nor statutes of limitations." *Id.* at 304.

The court finds the position taken by a majority of the courts more persuasive. A literal interpretation of § 108(c) of the Code would "frustrate the Bankruptcy Code's intricate scheme for the payment of tax claims." *West v. United States (In re West)*, 5 F.3d 423, 426 (9th Cir.1993). Moreover, "interpreting § 108(c) literally would allow a debtor to create an 'impenetrable refuge' by filing a bankruptcy petition, waiting for [§ 507(a)(8)'s] priority periods to expire, and then dismissing the case and refiling shortly thereafter." *Id.* at 426 (citing *Florence v. IRS (In re Florence)*, 115 B.R. 109, 111 (S.D.Ohio 1990)).

In the instant case, Debtor's 1991 tax return was last due, because of an extension, on October 15, 1992. Therefore, the three year lookback period of § 507(a)(8)(A)(i) of the Code was set to expire on October 15, 1995. However, as explained above, Debtor's previous Chapter 13 case suspended the three year lookback period. Moreover, the IRS, pursuant to 26 U.S.C. § 6503(h) receives an additional six months to pursue its claim.

Debtor was in the previous Chapter 13 case for eighty-five (85) days. As a result, the IRS's three year lookback period was suspended until January 8, 1996 (October 15, 1995 plus eighty-five (85) days). Moreover, the 26 U.S.C. § 6503(h) additional six month period preserved the IRS's claim as priority until July 8, 1996. Debtor filed the pending case on January 26, 1996, well before July 8, 1996. As a result, Debtor's 1991 taxes do not fall within the § 523(a)(1)(A) exception. Accordingly, the court will find the 1991 taxes are nondischargeable.

An order in accordance with this Memorandum Opinion will be entered.