**In re Leonard RANGEL, Debtor.**

**Bankruptcy No. 97–10207 RJB.**

United States Bankruptcy Court,
D. Colorado.

June 19, 1997.

Douglas E. Larson, Grand Junction, CO, for Debtor.

William Boulet, Denver, CO, for Internal Revenue Service.

Wendy Wagner, Denver, CO, for Chapter 13 Trustee.

## MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before the Court upon the Debtor's Objection to Proof of claim of Internal Revenue Service filed March 24, 1997.

This is the debtor's second bankruptcy proceeding. The first was a Chapter 7 case filed April 5, 1995, Case No. 95–13146 RJB. The debtor received a discharge on July 27, 1995 and the case was closed August 9, 1995. From April 5, 1995 until July 27, 1995 (114 days) the Internal Revenue Service ("IRS") was prohibited by 11 U.S.C. § 362 from pursuing taxes owed by the debtor. Included in those taxes were income taxes for the tax year 1992 which became due April 15, 1993. That case was a "no asset" case and creditors were not required to file proofs of claims.

The present case was filed January 8, 1997. Here the IRS filed a proof of claim and asserts a priority for the 1992 taxes pursuant to 11 U.S.C. § 507(a)(8) [formerly § 507(a)(7) ]. The proof of claim shows that the 1992 income taxes were assessed on December 23, 1996. The debtor does not dispute this portion of the claim. The debtor does dispute that the 1992 taxes are entitled to a § 507(a)(8) priority and relies on *In re Richards,* 994 F.2d 763 (10th Cir.1993). That case held that in a successive bankruptcy case the 240–day assessment period provided under § 507(a)(8)(A)(ii) [formerly § 507(a)(7)(A)(ii) ] is tolled during the pendency of the first bankruptcy proceeding.

In order to be entitled to a § 507 priority the taxes must be for a year ending

on or before the date of the bankruptcy petition for which a return is required last due after three years before the date of filing of the bankruptcy petition [§ 507(a)(8)(A)(i) ]. Here the 1992 income taxes were originally due April 15, 1993, and the three year period would have expired April 15, 1996. Hence, with nothing more, the priority of IRS for the 1992 income taxes would have been lost prior to the filing of the instant petition on January 8, 1997. However, following the *Richards* case, *supra*, 114 days should be added to the April 15, 1996 date. That would bring us to August 7, 1996. Again, even with a tolling of the 3–year period pursuant to *Richards*, *supra*, the priority status of the IRS expired prior to the instant filing.

The IRS also relies on *Richards, supra*, and points to the numerous citations at the end of that opinion and argues that it is entitled to another 6 months tolling because of 26 U.S.C. § 6503(h). That is not the holding of *Richards, supra*. That section of the Internal Revenue Code provides as follows:

> The running of the period of limitations provided in section 6501 or 6502 on the making of assessments or collection shall, in a case under title 11 of the United States Code, be suspended for the period during which the Secretary is prohibited by reason of such case from making the assessment or from collecting and—(1) for assessment, 60 days thereafter, and (2) for collection, 6 months thereafter.

■ As can be seen, § 6503(h) only speaks to tolling of the time limitations for the *assessment* and/or the *collection* of taxes. It does not deal with the issue of the *priority* of distribution of assets under the Bankruptcy Code. There is no argument here that the taxes here were not assessed on a timely basis for purposes of the tax code. Nor is there any argument that the IRS is not entitled to an additional 6 months plus the time tolled (here 114 days) before the statute of limitations under the tax code takes effect.

■ Neither the 3–year period provided for in § 507(a)(8)(A)(i) nor the 240–day period provided for in § 507(a)(8)(A)(ii) runs during the pendency of the first of two successive bankruptcies. But that does not mean

the IRS is then entitled to another 6 months under 26 U.S.C. § 6503(h)(2) plus the number of days tolled when calculating whether the IRS is entitled to a priority under § 507(a)(8). The 10th Circuit did not say in *Richards, supra*, that the IRS was entitled to number of days tolled plus 60 days under 26 U.S.C. § 6503(h)(1) in preserving its priority under § 507. It held only that the time period under § 507(a)(8)(A)(ii) is extended for the same number of days the IRS was prevented from assessing the taxes in the first bankruptcy. It is, therefore,

ORDERED that the objection of the Debtor to the claim of the IRS is sustained insofar as the income taxes of the debtor for the 1992 tax year are not entitled to a priority under 11 U.S.C. § 507(a)(8)(A). It is

FURTHER ORDERED that the Debtor shall file an amended plan, motion to confirm, and the other necessary documents and notices within ten (10) days to provide for changes agreed to with the Chapter 13 Trustee at the hearing held on May 12, 1997.