**In the Matter of David Bryan SIMMONS, Debtor.**

**David Bryan SIMMONS, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**Bankruptcy No. N97–12310–WHD. Adversary No. 98–1035N.**

United States Bankruptcy Court, N.D. Georgia, Newnan Division.

Dec. 2, 1998.

Lee S. Alexander, Governor's Ridge Office Park, Marietta, GA, for Debtor/Plaintiff.

Ann Reid, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, DC, for Defendant.

### *ORDER*

W. HOMER DRAKE, Jr., Bankruptcy Judge.

Currently before the Court are Cross Motions for Summary Judgment filed by David

Bryan Simmons (hereinafter "Debtor") and the United States of America (hereinafter "Creditor"). The Cross Motions arise in an adversary proceeding initiated by Debtor in accordance with 11 U.S.C. § 523(a) to determine the dischargeability of certain taxes owed by him to Creditor. This matter constitutes a core proceeding within the subject matter jurisdiction of the Court, *see* 28 U.S.C. § 157(b)(2)(I), and it shall be disposed of in accordance with the Findings of Fact and Conclusions of Law which follow.

### FINDINGS OF FACT

The facts in this case are not in dispute. Debtor filed the first of three bankruptcy petitions on October 4, 1993 (Chapter 13 Case No. 93–12068–WHD). The first Chapter 13 case was dismissed on February 24, 1994. Debtor filed a second Chapter 13 petition on July 6, 1994 (Case No. 94–69376–JEM). The second bankruptcy case was dismissed on November 16, 1995. Debtor filed the Chapter 7 petition presently before the Court on July 24, 1997. A discharge was entered in the case on November 5, 1997.

On August 31, 1993, Debtor filed his 1989, 1990, and 1991 federal income tax returns. The returns in questions should have been filed on August 15, 1990,[1] April 15, 1991, and April 15, 1992, respectively. For the three years in question, the Internal Revenue Service has assessed $35,520.48 of taxes against Debtor. Interest in the amount of $11,337.76 has accrued on the outstanding tax liability, and penalties in the amount of $17,104.93 have accumulated. Debtor's total federal tax liability is $63,963.17.

Debtor commenced the present adversary proceeding on May 22, 1998. Debtor contends that his tax liability is dischargeable under 11 U.S.C. § 523(a)(1)(B)(ii) because the returns, though tardy, were filed more than two years before the petition in this case was filed. Creditor maintains that the two year time period embodied in § 523(a)(1)(B)(ii) should be tolled during the

two previous bankruptcy cases. If the two year time period is tolled or suspended during the prior cases, the taxes owed by Debtor are not dischargeable.[2]

### CONCLUSIONS OF LAW

### *I. The Standard for Summary Judgment*

Pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure, which incorporates Rule 56 of the Federal Rules of Civil Procedure, the Court will grant a motion for summary judgment only in the absence of any material issue of fact, so as to make the movant entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). As a drastic remedy, summary judgment only will be granted when there is no room for controversy. *United States v. Earhart (In re Earhart),* 68 B.R. 14, 15 (Bankr. N.D.Iowa 1986); *Sell v. Heath (In re Heath),* 60 B.R. 338, 339 (Bankr.D.Colo.1986). Summary judgment is appropriate in this case since the parties do not dispute the facts.

### *II. The Application of 11 U.S.C. § 523(a)(1)(B)(ii) to the Instant Case*

#### *A. Taxes*

■ Section 523(a)(1)(B)(ii) excepts from discharge any tax debt with respect to which a return "was filed after the date on which such return was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition." 11 U.S.C. § 523(a)(1)(B)(ii). As Debtor noted in his brief, this Court confronted the applicability of tolling to § 523(a)(1)(B)(ii) in the 1990 case of *In re Stoll,* 132 B.R. 782 (Bankr.N.D.Ga.1990). In *Stoll,* the Court held that, for purposes of determining the dischargeability of tax liability, the two year limitations period set forth in § 523(a)(1)(B)(ii) is suspended during the pendency of prior bankruptcy cases. *Stoll,*

---

1. The filing date for Debtor's 1989 return was extended by the Internal Revenue Service to August 15, 1990.

2. If the time period is tolled during the two previous cases as Creditor would have the Court

do, one year and 103 days passed from the date the returns were filed to the date of filing of the instant petition.

132 B.R. at 786.[3]  In reaching that decision, the Court was persuaded that § 108(c) of the Bankruptcy Code and § 6503 of the Internal Revenue Code operate to toll the two year limitations period during the pendency of a previous bankruptcy case, plus an additional six months after the case is dismissed.  Support for this proposition is found in the legislative history of 11 U.S.C. § 108(c):

> In the case of Federal tax liabilities, the Internal Revenue Code suspends the statute of limitations on a tax liability of a taxpayer from running while his assets are in the control or custody of a court and for 6 months thereafter (sec. 6503(b) of the Code).  The Amendment applies this rule in a title 11 proceeding.  Accordingly, the statute of limitations on collection of nondischargeable Federal tax liability of a debtor will resume running after 6 months following the end of the period during which the debtor's assets are in control or custody of the bankruptcy court.  This rule will provide the Internal Revenue Service adequate time to collect nondischargeable taxes following the end of the title 11 proceedings.

S.Rep. No. 989, 95th Cong., 2nd Sess. 30–31 (1978), 1978 U.S.C.C.A.N. 5787, 5816–17. The majority of courts that have examined the tolling issue support this Court's decision in *Stoll.  See Waugh v. Internal Revenue Serv. (In re Waugh)*, 109 F.3d 489 (8th Cir. 1997), *cert. denied*, —— U.S. ——, 118 S.Ct. 80, 139 L.Ed.2d 38 (1997); *In re Taylor*, 81 F.3d 20 (3rd Cir.1996); *West v. United States (In re West)*, 5 F.3d 423 (9th Cir.1993), *cert. denied*, 511 U.S. 1081, 114 S.Ct. 1830, 128 L.Ed.2d 459 (1994); *Montoya v. United States (In re Montoya)*, 965 F.2d 554 (7th Cir.1992); *United States v. Richards (In re Richards)*, 994 F.2d 763 (10th Cir.1993); *Brickley v. United States (In re Brickley)*, 70 B.R. 113 (9th Cir. BAP 1986); *Brent v. United States (In re Brent)*, 212 B.R. 311 (C.D.Ill. 1997); *Ramos v. Internal Revenue Serv. (In re Ramos)*, 208 B.R. 655 (W.D.Tex.1996); *In re Eysenbach*, 183 B.R. 365 (W.D.N.Y.1995);

*Molina v. United States*, 99 B.R. 792 (S.D.Ohio 1988); *Hollowell v. Internal Revenue Serv. (In re Hollowell)*, 222 B.R. 790 (Bankr.N.D.Miss.1998); *Collins v. United States (In re Collins)*, 223 B.R. 372 (Bankr. M.D.Fla.1997); *Brustman v. United States (In re Brustman)*, 217 B.R. 828 (Bankr. C.D.Cal.1997); *Zecco v. United States (In re Zecco)*, 211 B.R. 109 (Bankr.D.Mass.1997); *In re Rangel*, 209 B.R. 744 (Bankr.D.Colo. 1997); *McMillan v. United States (In re McMillan)*, 204 B.R. 835 (Bankr.M.D.Ga. 1996); *In re Darden*, 202 B.R. 715 (Bankr. E.D.Va.1996); *In re Cowart*, 199 B.R. 799 (Bankr.M.D.Fla.1996); *In re Strickland*, 194 B.R. 888 (Bankr.D.Idaho 1996); *Shedd v. United States (In re Shedd)*, 190 B.R. 692 (Bankr.M.D.Fla.1996); *Tibaldo v. United States (In re Tibaldo)*, 187 B.R. 673 (Bankr. C.D.Cal.1995); *In re Sirman*, 171 B.R. 403 (Bankr.M.D.Fla.1994); *Teeslink v. United States (In re Teeslink)*, 165 B.R. 708 (Bankr. S.D.Ga.1994); *In re Grogan*, 158 B.R. 197 (Bankr.E.D.Cal.1993).  *Contra Quenzer v. United States (In re Quenzer)*, 19 F.3d 163 (5th Cir.1993); *In re Pastula*, 203 B.R. 941 (Bankr.E.D.Mich.1997); *Clark v. Internal Revenue Serv. (In re Clark)*, 184 B.R. 728 (Bankr.N.D.Tex.1995); *Turner v. United States (In re Turner)*, 182 B.R. 317 (Bankr. N.D.Ala.1995), *adhered to on reconsideration*, 195 B.R. 476 (Bankr.N.D.Ala.1996).

Unfortunately, there is no Eleventh Circuit authority on the issue of tolling.  However, Debtor directs the Court's attention to two Eleventh Circuit cases which he contends support his position that the taxes are dischargeable under the plain language of § 523(a)(1)(B)(ii).  The first case is *Haas v. Internal Revenue Serv.*, 48 F.3d 1153 (11th Cir.1995).  In *Haas*, the Eleventh Circuit analyzed the scope of § 523(a)(1)(C) and held that a debtor's knowing failure to pay taxes does not constitute a willful attempt "to evade or defeat such tax."  48 F.3d at 1158. Debtor next relies on the case of *In re Burns*, 887 F.2d 1541 (11th Cir.1989).  The issue in Burns was whether post-petition interest and penalties are dischargeable.  Neither *Hass* nor *Burns* has anything to do with

---

**3.**  In 1993, the Court likewise held that the three year limitations period set forth in § 507(a)(7)(A)(i)  [now § 507(a)(8)(A)(i) ] was tolled during the time the debtor was in a previous bankruptcy proceeding.  *In re Reed*, 165 B.R. 959 (Bankr.N.D.Ga.1993) (Drake, B.J.).

tolling the limitations periods set forth in § 523(a).

■ This Court recognizes the general principle that a court should confine its inquiry to the plain language of a statute. *See Haas,* 48 F.3d at 1155; *Burns,* 887 F.2d at 1544. Although it is clear that § 523(a)(1)(B)(ii) makes no mention of suspending the limitations period during the pendency of a previous bankruptcy case, many provisions in the Bankruptcy Code are interrelated and interdependent. Debtor invites the Court to read § 523(a)(1)(B)(ii) in isolation. The Court must decline Debtor's invitation. Otherwise, the Court would have to ignore § 108(c), the legislative history, and the great weight of authority on this subject. In the case sub judice, the taxes are not dischargeable.

### B. Interest

■ The law is well settled that pre-petition interest is treated as part of the tax claim and is nondischargeable to the extent the underlying taxes are nondischargeable. *In re Larson,* 862 F.2d 112 (7th Cir.1988); *Gambone v. State of Ohio Dept. of Taxation (In re Gambone),* 224 B.R. 611, 612 n. 2 (Bankr.N.D.Ohio 1998); *Pierce v. United States (In re Pierce),* 184 B.R. 338, 344 (Bankr.N.D.Iowa); *Jones v. United States (In re Jones),* 177 B.R. 541, 543 n. 2 (Bankr. N.D.Ohio 1994); *Leahey v. United States (In re Leahey),* 169 B.R. 96, 99 (Bankr.D.N.J. 1994); *Olson v. United States (In re Olson),* 154 B.R. 276, 282–83 (Bankr.D.N.D.1993); *Cinquegrani v. United States (In re Cinquegrani),* 1993 WL 134752, *8 (Bankr. N.D.Ill.1993); *Carlen v. Dept. of Treasury Internal Revenue Serv. (In re Carlen),* 1991 WL 424977, *31 (Bankr.N.D.Ind.1991); *Brinegar v. United States (In re Brinegar),* 76 B.R. 176, 179 (Bankr.D.Colo.1987). In the case sub judice, pre-petition interest on the nondischargeable taxes is likewise nondischargeable.

### C. Penalties

■ With respect to the dischargeability of tax penalties, § 523(a)(7) provides that a debt will not be discharged:

> to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty—
>
> (A) relating to a tax of a kind not specified in paragraph (1) of this subsection, or
>
> (B) imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition . . .

11 U.S.C. § 523(a)(7). In *Stoll,* this Court held that the three year limitations period in § 523(a)(7)(B) is suspended during previous bankruptcy cases. 132 B.R. at 786. Further, this Court held that tax penalties are incurred on the first day that the return is late. *Id.* at 787. Thus, in the case at bar, the "transactions or events" which resulted in the assessment of the tax penalties were the absence of returns on August 16, 1990, April 16, 1991, and April 16, 1992, respectively. In its Motion for Summary Judgment, Creditor concedes that the penalties for the 1989 and 1990 tax years are dischargeable.[4] The penalties associated with the 1991 taxes are excepted from discharge under § 523(a)(7)(B).[5]

### CONCLUSION

The Court having given this matter its careful consideration, it is hereby **ORDERED** that Creditor's Motion for Summary Judgment is **GRANTED** and Debtor's Motion for Summary Judgment is **DENIED.**

---

4. Three years equates to 1,095 calendar days. Even though the limitations period was suspended during the previous bankruptcy cases, 1,577 days elapsed from the transaction date for the 1989 penalties (August 16, 1990) to the filing date (July 24, 1997). With respect to the 1990 penalties, 1,334 days elapsed from the transaction date (April 16, 1991) to the filing date. Thus, Creditor has appropriately conceded that the tax penalties for 1989 and 1990 fall outside of the three year limitations period set forth in § 523(a)(7)(B).

5. As for the 1991 penalties, only 969 days elapsed from the transaction date of April 16, 1992, to the filing date of July 24, 1997. For this reason, the 1991 penalties are nondischargeable.

With the exception of the penalties for tax years 1989 and 1990, Debtor's tax obligations are **NONDISCHARGEABLE** under § 523(a)(1)(B)(ii) and § 523(a)(7)(B).

**IT IS SO ORDERED.**