**In re Amzi BURT, Jr., Debtor.**

**Amzi Burt, Jr., Plaintiff,**

**v.**

**Internal Revenue Service, Defendant.**

**Bankruptcy No. 97–46294.**
**Adversary No. 98–4215.**

United States Bankruptcy Court,
N.D. Mississippi.

Aug. 19, 1999.

Fredrick B. Clark, Greenwood, MS, for plaintiff.

Ralph M. Dean, III, Assistant U.S. Attorney, Oxford, MS, for defendant.

### OPINION

DAVID W. HOUSTON, III, Bankruptcy Judge.

On consideration before the court is a determination of the dischargeability of delinquent federal taxes for the years 1991 and 1992, owed by the debtor, Amzi Burt, Jr., to the United States of America, acting by and through the Internal Revenue Service (IRS); the matter having been submitted to the court by agreement of the parties through a stipulation of undisputed facts; and the court, having reviewed same, finds as follows, to-wit:

### I.

The court has jurisdiction of the subject matter of and the parties to this adversary proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(I).

### II.

The parties have stipulated to the following facts:

1. Amzi Burt, Jr., filed Chapter 13 Case No. 93–40777 on March 17, 1993; it was dismissed June 5, 1996. The automatic stay was in effect the following number of days:

1993 — 289
1994 — 365
1995 — 365
1996 — 157 (February had 29 days)
     1,176 days

2. Amzi Burt, Jr., filed Chapter 13 Case No. 97–42049 on April 29, 1997; it was dismissed October 23, 1997. The automatic stay was in effect the following number of days: 1997—178.

The previous bankruptcy filings prevented the IRS from collecting the taxes at issue for a combined total of 1,354 days or 3.709 years.

3. The present Chapter 13 bankruptcy, Case No. 97–46294, was filed on December 17, 1997.

4. The balance of the debtor's 1991 federal tax liability is $4,385.94, as of April 20, 1999.

5. The balance of the debtor's 1992 federal tax liability is $53,668.86, as of April 22, 1999.

6. The debtor did not receive an extension for filing his 1991 federal income tax return.

7. The debtor did receive an extension to August 15, 1993, to file his 1992 federal income tax return, which was thereafter filed on April 18, 1995.

The stipulated dismissal dates for Case No. 93–40777 and Case No. 97–42049 are incorrect. Case No. 93–40777 was actually dismissed on June 3, 1996, two days before the stipulated date of June 5, 1996. Accordingly, the automatic stay was in effect for 1,174 days rather than 1,176 days as stipulated. Case No. 97–42049 was actually dismissed on September 24, 1997, which is 29 days earlier than the stipulated dismissal date of October 23, 1997. Accordingly, the automatic stay was in effect for a total of 149 days rather than 178 days as stipulated. Therefore, the two previous bankruptcy filings prevented the IRS from collecting the taxes at issue for a combined total of 1,323 days or 3.62 years.

### III.

Section 523(a)(1) of the Bankruptcy Code provides, in pertinent part, as follows:

**11 U.S.C. § 523. Exceptions to discharge.**

(a) A discharge under § ...1328(b) of this title does not discharge an individual debtor from any debt—

(1) for a tax or a customs duty—

(a) of the kind and for the period specified in § 507(a)(2) or § 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed;

11 U.S.C. § 523(a)(1)(A).[1]

Section 507(a)(8), which sets forth the priority of certain taxes, is set forth as follows:

## 11 U.S.C. § 507. Priorities.

(a) The following expenses and claims have priority in the following order:

. . .

(8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for—

(A) a tax on or measured by income or gross receipts—

(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;

(ii) assessed within 240 days, plus any time plus 30 days during which an offer in compromise with respect to such tax that was made within 240 days after such assessment was pending, before the date of the filing of the petition; or

(iii) other than a tax of a kind specified in section 523(a)(1)(B) or 523(a)(1)(C) of this title, not assessed before, but assessable, under applicable law or by agreement, after the commencement of the case;

. . .

The issue presented for adjudication is whether the three year "look back" period contained in § 507(a)(8)(A) should be tolled for the periods of time during which the debtor's previous bankruptcy cases were pending.

The three year limitations provision of § 507(a)(8)(A), applicable ordinarily to the pending Chapter 13 case, would begin December 17, 1994. This adversary proceeding relates to the dischargeability only of 1991 and 1992 taxes which would have become due on April 15, 1992, and August 15, 1993, (the date as extended) respectively. If the running of the three year period is not tolled because of the debtor's previous bankruptcy filings, the 1991 and 1992 taxes would be dischargeable because both became due more than three years before the filing of the present bankruptcy case, and no longer would be considered priority claims.

Numerous published opinions have addressed the issue of whether the three year period of § 507(a)(8)(A)(i) is tolled by the filing of a prior bankruptcy case. Most of the decisions have held that the limitations period is tolled. *See; In re Taylor,* 81 F.3d 20 (3d Cir.1996); *Montoya v. U.S. (In re Montoya),* 965 F.2d 554 (7th Cir.1992); *U.S. v. Richards (In re Richards),* 994 F.2d 763 (10th Cir.1993); *In re Waugh,* 109 F.3d 489 (8th Cir.1997); *In re McMillan,* 204 B.R. 835 (Bankr.M.D.Ga. 1996); *In re Darden,* 202 B.R. 715 (Bankr. E.D.Va.1996); *In re Cowart,* 199 B.R. 799 (Bankr.M.D.Fla.1996); *In re Brickley,* 70 B.R. 113 (9th Cir. BAP 1986); *In re Grogan,* 158 B.R. 197 (Bankr.E.D.Cal.1993); *Molina v. U.S.,* 99 B.R. 792 (S.D.Ohio 1988); *In re Harris,* 167 B.R. 680 (Bankr. M.D.Fla.1994); *In re Eysenbach,* 183 B.R. 365 (W.D.N.Y.1995); *In re Ramos,* 208 B.R. 655 (W.D.Tex.1996); *In re Strickland,* 194 B.R. 888 (Bankr.D.Idaho 1996); *In re Shedd,* 190 B.R. 692 (Bankr.M.D.Fla. 1996); *In re Sirman,* 171 B.R. 403 (Bankr. M.D.Fla.1994); *In re Reed,* 165 B.R. 959 (Bankr.N.D.Ga.1993); *In re Rangel,* 209 B.R. 744 (Bankr.D.Colo.1997); *In re Zecco,* 211 B.R. 109 (Bankr.D.Mass.1997). Some of the aforesaid decisions relied on § 108(c) to permit tolling, while others looked to the equitable power conveyed to the court in § 105(a).

---

1. All further statutory citations are to the United States Bankruptcy Code unless otherwise indicated.

■ Several courts, including the Fifth Circuit, have held that the three year period in § 507(a)(8)(A)(i) cannot be tolled in reliance exclusively on of § 108(c). *Quenzer v. United States (In re Quenzer)*, 19 F.3d 163 (5th Cir.1993); *In re Pastula*, 203 B.R. 941 (Bankr.E.D.Mich.1997); *Turner v. United States (In re Turner)*, 182 B.R. 317 (Bankr.N.D.Ala.1995), adhered to on reconsideration, 195 B.R. 476 (Bankr. N.D.Ala.1996); *Clark v. Internal Revenue Serv. (In re Clark)*, 184 B.R. 728 (Bankr. N.D.Tex.1995); *Gore v. United States (In re Gore)*, 182 B.R. 293 (Bankr.N.D.Ala. 1995); *Saunders v. United States (In re Saunders)*, No. 94–23489–BKR–RBR, 1995 WL 865471 (Bankr.S.D.Fla. Dec. 26, 1995). These decisions literally construe § 108(c), which specifically addresses the tolling of *non-bankruptcy* statutes of limitations only. As such, limitations periods found *within* the Bankruptcy Code, including § 507(a)(8)(A)(i), are not extended by § 108(c). These courts also refused to allow § 105(a) to toll the limitations period unless there was proof of misconduct or abuse of the bankruptcy system by the debtors.

In other cases before this court, debtors have argued that, because of *Quenzer*, § 108(c) cannot be employed to toll a "bankruptcy" limitations period, as well as, that this court is additionally precluded from employing § 105(a) to equitably achieve the same result. This interpretation of *Quenzer* is partially misplaced. The court in *Quenzer* did not consider § 105(a) because it was not argued by the parties at the trial level and was only raised on appeal.

Subsequent to the publication of *Quenzer*, three bankruptcy courts within the Fifth Circuit have addressed the § 105(a) issue. *See; In re Ramos*, 208 B.R. 655 (W.D.Tex.1996); *In re Miller*, 199 B.R. 631 (Bankr.S.D.Tex.1996); and *In re Clark*, 184 B.R. 728 (Bankr.N.D.Tex.1995). In all three opinions, the courts found that successive bankruptcy filings by the debtors warranted the exercise of the equity power conveyed by § 105(a) to toll the limitations period of § 507(a)(8)(A)(i) for the periods of time that the prior bankruptcy cases were pending. Both *Miller* and *Clark* added an additional six months to the tolled period pursuant to 26 U.S.C. § 6503(b) and (h)[2].

■ In the matter before the court, the debtor enjoyed the benefits of the automatic stay on two separate occasions for a total of 1,323 days. Although no proof has been presented to conclusively establish that the debtor knowingly engaged in a scheme to bypass § 508(a)(8)(A)(i), the practical effect of the debtor's successive filings circumvents the priority status granted to unpaid taxes set forth in § 507(a)(8)(A). The court in *In re Miller* appropriately pointed out the following:

> ...[T]he Bankruptcy Code was not designed to allow debtors to create a scheme of bypassing the Code's non-dischargeability provisions by filing a petition, letting the priority period expire, dismiss their case, and re-file again in order to discharge the taxes, thereby making themselves unreachable by the IRS. The sole purpose of assigning priority status to certain tax claims is to

**2.** 26 U.S.C. § 6503(b) and (h) provide:

(b) Assets of taxpayer in control or custody of court.—The period of limitations on collection after assessment prescribed in section 6502 shall be suspended for the period the assets of the taxpayer are in the control or custody of the court in any proceeding before any court of the United States or of any State or of the District of Columbia, and for 6 months thereafter.
(h) Cases under Title 11 of the United States Code—The running of the period of

limitations provided in section 6501 or 6502 on the making of assessments or collection shall, in a case under Title 11 of the United States Code, be suspended for the period during which the Secretary is prohibited by reason of such case from making the assessment or from collecting and—
  (1) for assessment, 60 days thereafter, and
  (2) for collection, 6 months thereafter.

enhance the government's ability to collect such claim.

*In re Miller,* 199 B.R. at 634.

Regardless, because of the mandates set forth in the *Quenzer* decision, an evidentiary hearing is necessary so that a record can be made as to whether the debtor's previous bankruptcy filings constitute an abuse of the bankruptcy system or misconduct by the debtor. The presentation of proof is essential, even in view of the stipulated facts, in order for the court to conclusively decide whether the equitable authority found in § 105(a) should be implemented to give priority status to the two years of income tax liability.

A separate order will be entered consistent with this opinion.