**In re Randy L. MACKO, and Vicki M. Macko, Debtors.**

**Bankruptcy No. 95–02590–BKC–3P3.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

March 4, 1996.

---

7. For example:

Paul M. Hawkes, Crystal River, Florida, for debtors.

James F. Kearney, Special Assistant U.S. Attorney, District Counsel, Jacksonville, Florida, for I.R.S.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This case came before the Court on Randy L. Macko's (debtor) objection to claim 5 filed by the Internal Revenue Service (IRS). After a hearing on January 3, 1996, the Court enters the following findings of fact and conclusions of law:

### FINDINGS OF FACT

The following facts are not in dispute:

1. On August 19, 1993, the IRS assessed a tax liability against debtor Randy Macko for tax years 1980, 1981, and 1982. Including interest and penalties, debtor's tax liability for the three years totaled $60,645.85.

2. Debtor filed for relief under Chapter 7 of the Bankruptcy Code on March 1, 1994, and received a discharge on June 9, 1994. The petition was filed 193 days after the IRS assessment.

3. On August 31, 1994, debtor filed for relief under Chapter 13 of the Bankruptcy Code. This case was dismissed on October 3, 1994.

4. Debtor commenced the current Chapter 13 case on June 5, 1995. On September 12, 1995, the IRS filed a proof of claim totalling $60,645.85, asserting an unsecured priority claim for taxes and interest in the amount of $50,547.42 and an unsecured gen-

eral claim for penalties in the amount of $10,098.43.

5. On October 25, 1995, debtor filed an objection to the IRS claim, arguing that the priority period under 11 U.S.C. § 507(a)(8)(A)(ii) expired before the debtor filed the present case, thus rendering the entire IRS claim a general unsecured non-priority claim.

### CONCLUSIONS OF LAW

The dispute in this case will be determined as a question of law: whether the 240 day period in which the tax obligation would be considered a priority claim under Bankruptcy Code § 507(a)(8)(A)(ii) has expired. (Debtor's Brief at 2). Section 523 of the Bankruptcy Code makes nondischargeable any tax obligation assessed pursuant to section 507(a)(8). Section 507(a)(8) prioritizes the payment of tax obligations "which were due more than three years before a bankruptcy was filed, and which were assessed more than 240 days before the bankruptcy was filed...." *In re Turner (Turner v. United States Internal Revenue Service)*, 182 B.R. 317, 321 (Bankr.N.D.Ala.1995).

Specifically, section 507(a)(8)(A)(ii) prioritizes taxes "assessed within 240 days, plus any time plus 30 days during which an offer in compromise with respect to such tax that was made within 240 days after such assessment was pending, before the date of the filing of the petition...." 11 U.S.C. § 507(a)(8)(A)(ii).

The debtor maintains that the 240 day priority period expired on May 20, 1995, and that by virtue of its failure to collect the taxes, the IRS forfeited its priority status. The IRS, however, contends that Bankruptcy Code § 108(c) and §§ 6503(b) and 6503(h) of the Internal Revenue Code (I.R.C.) extended the priority period to encompass debtor's present filing, and that its claim should be allowed as an unsecured priority claim in the amount of $50,547.42 and an unsecured general claim in the amount of $10,098.43. Alternatively, the IRS suggests that § 105 of the Bankruptcy Code gives this court equitable power to extend the priority period.

### I. THE PLAIN MEANING RULE

In *In re Burns (Burns v. United States Internal Revenue Service)*, 887 F.2d 1541 (11th Cir.1989), the Eleventh Circuit Court of Appeals faced the issue of whether, under § 523(a)(7), the nondischargeability of a tax liability also excepts from discharge any interest and penalties accrued on those taxes. To make its decision, the Court fiercely adhered to the plain language rule of statutory interpretation, stating that "'as long as the statutory scheme is coherent and consistent, there generally is no need for a court to inquire beyond the plain language of the statute,'" *Id.* at 1544 (quoting *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 242–48, 109 S.Ct. 1026, 1031–33, 103 L.Ed.2d 290 (1989).

### II. PLAIN MEANING RULE PRECLUDES APPLICATION OF BANKRUPTCY CODE § 108 AND I.R.C. § 6503

The Bankruptcy Code clearly states that the 240 day priority period of section 507(a)(8)(A)(ii) may only be suspended while an offer in compromise is pending. 11 U.S.C. § 507(a)(8)(A)(ii). Yet the IRS, in this case and many others, argues that Bankruptcy Code section 108(c) and Internal Revenue Code sections 6503(b) and 6503(h) toll and extend the priority period beyond the limitations contained in § 507.

Bankruptcy Code § 108(c) provides in relevant part:

... if applicable nonbankruptcy law ... fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, ... and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) 30 days after notice of the termination or expiration of the stay under ... section 362, 722, 1201, or 1301, of

this title as the case may be, with respect to such claim.

11 U.S.C. § 108(c).

Internal Revenue Code § 6503(b) provides in pertinent part: "[t]he period of limitations on collection after assessment ... shall be suspended for the period the assets of the taxpayer are under control or custody of the Court in any proceeding before any Court of the United States ... and for 6 months thereafter." 26 U.S.C. § 6503(b).

Internal Revenue Code § 6503(h)(2) provides in pertinent part: "[t]he running of the period of limitations provided in Section 6501 or 6502 on the making of assessments or collection shall, in a case under title 11 of the United States Code, be suspended for a period during which the Secretary is prohibited by reason of such case for making the assessment or from collecting ... (2) for collection, six months thereafter." 26 U.S.C. § 6503(h)(2).

In *In re Turner (Turner v. United States Internal Revenue Service)*, 182 B.R. 317 (Bankr.N.D.Ala.1995), the Bankruptcy Court for the Northern District of Alabama relied on the 11th Circuit's adherence to the plain meaning rule to decide issues almost identical to the ones presented before this Court. In *Turner*, the IRS argued, as it does here, Bankruptcy Code § 108 and I.R.C. §§ 6503(b) and (h) are unambiguous, and that read together, these statutes extend the 240 day priority period of Bankruptcy Code § 507. The *Turner* court, however, disagreed, holding that Bankruptcy Code § 108 and the I.R.C. do not toll, suspend, or extend the priority period because "sections 108(c) and 6503(h) do not apply to bankruptcy laws." *Id.* at 323.

The court then enumerated the reasons for its holding. First, the court noted that "[n]either section 108(c) of the Bankruptcy Code nor section 6503(h) of the Internal Revenue Code mention the word 'discharge,' or refer to section 523 or section 507, or by their express terms purport to relate to or effect either the dischargeability or priority of taxes in bankruptcy, but instead, specifically apply to nonbankruptcy periods of limitation." *Id.* at 324.

The court further found that Bankruptcy Code sections 507 and 523 are substantive sections which define what taxes are dischargeable and that "the substantive definition of which taxes are or are not included in a bankruptcy discharge, can not be changed by a procedural statute of limitations" such as Bankruptcy Code § 108 and I.R.C. § 6503. *Id.* at 328.

Finally, the court correctly noted that Congress had knowledge of nonbankruptcy tolling provisions, but still chose to allow the IRS only a narrow opportunity to collect taxes in an extended priority period, "that is during the pendency of an offer in compromise." *Id.* at 328. The court found that tolling the priority period of § 507 in any manner beyond that permitted by § 507 would frustrate congressional intent to limit the IRS collection period, and refused to apply Bankruptcy Code § 108 or I.R.C. § 6503 to extend the priority period.

Other courts have taken positions contrary to the *Turner* decision. *See West v. United States (In re West)*, 5 F.3d 423 (9th Cir.1993), and *United States v. Richards (In re Richards)*, 994 F.2d 763 (10th Cir.1993). This Court, however, finds the *Turner* decision persuasive and agrees with its holding. The Court finds that Bankruptcy Code § 108 and I.R.C. § 6503 are inapplicable to toll, suspend, or extend the priority period for tax collection under 11 U.S.C. § 507(a)(8)(A)(ii).

### III. COURT DECLINES TO EXERCISE EQUITABLE POWERS

Section 105 of the Bankruptcy Code equips this Court with the power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [Title 11]." 11 U.S.C. § 105. The Court's equitable powers are discretionary and generally are invoked only when the facts of a case demand the court's equitable intervention.

The IRS argues that this Court should utilize its equitable powers to suspend the § 507 priority period. Even though the Court possesses the power to extend the priority period, the IRS has not presented a compelling reason for the Court to do so. As

stated by the *Turner* court, "the mere existence of sections 108(c) and 6503(h) does not *ipso facto* compel the invocation of equity." *Turner*, 182 B.R. at 338. Rather, this Court should exercise its equitable powers "only if the facts of this case constrain the application of equity." *Id.* at 339. The *Turner* court refused to utilize its equitable powers to suspend the priority period.

This Court finds that any further extension of the priority period would be in contravention of congressional intent and declines to exercise its powers to toll, suspend, or extend the priority collection period.

### IV. CONCLUSION

Bankruptcy Code section 108 and Internal Revenue Code section 6503 are designed to extend time limitations of nonbankruptcy law and are thus inapplicable to toll, suspend, or extend the priority period of § 507. Although the court may have the equitable power to extend the priority period, the IRS has failed to present a compelling reason for the extension and the court declines to utilize such powers. By separate order, the Court will sustain debtor's objection to the IRS claim and allow the tax obligation as a general unsecured non-priority claim in the amount of $60,645.85.