Charles Baer, Special Assistant United States Attorney, Jacksonville, FL, for I.R.S.

Mamie L. Davis, Trustee, Jacksonville, FL.

**In re William David COWART, Debtor.**

**Bankruptcy No. 95–5115–BKC–3F3.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

July 23, 1996.

## ORDER OVERRULING DEBTOR'S OB-JECTION TO CLAIM FOUR OF THE INTERNAL REVENUE SERVICE

JERRY A. FUNK, Bankruptcy Judge.

This case is before the Court upon Debtor's Objection to Claim Four of the Internal Revenue Service and the United States' Response to Debtor's Objection. The IRS also filed a Post–Hearing Memorandum on Objection to Claim.

The IRS timely filed its proof of claim in the total amount of $7,698.58. Of this amount, $6,781.16 is listed as a "priority" claim, for income taxes due but not paid for the tax years 1991 and 1992. The Debtor disputes the priority status of the IRS claim amount for the amount due and owing for 1991 and 1992.

11 U.S.C. § 507(a)(8)(A)(i) gives priority status to income taxes due "for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition." The income taxes owed by Debtor for the taxable year 1992 were due April 15, 1993, which is within three years of the date the Debtor filed his bankruptcy

petition. Debtor filed his petition in the present bankruptcy case October 19, 1995. Therefore, the amount of taxes owed for taxable year 1992 are clearly entitled to priority under § 507(a)(8)(A)(i).

■ The taxes owed by Debtor for taxable year 1991 would have been due by April 15, 1992. Debtor obtained an extension of time to file his 1991 tax return until August 15, 1992. The taxes owed for 1991 are outside the three year look-back period in § 507(a)(8)(A)(i). However, the IRS claims priority status for the 1991 taxes based upon Debtor's prior bankruptcy case. Debtor filed a prior Chapter 13 bankruptcy case, Case No. 94–3102–BKC–3F3 on July 2, 1994. This case was dismissed on April 11, 1995. (IRS Ex. 1 and 2). The IRS contends that the Debtor's prior bankruptcy case tolled the periods provided in § 507(a)(8) and § 523(a)(1) for purposes of determining the priority or nondischargeability status of Debtor's tax liabilities.

The majority of courts which have addressed the issue have held that the filing of a prior bankruptcy case suspends the three year period for determining priority and dischargeability, in order to allow the United States the opportunity to utilize the full three years Congress intended to provide for the collection of delinquent taxes. *In re Ringdahl,* 1991 WL 284105 (Bankr.M.D.Fla.1991) (Baynes, J.); *See also, In re Harris,* 167 B.R. 680 (Bankr.M.D.Fla.1994) (Proctor, J.); *In re Shedd,* 190 B.R. 692 (Bankr.M.D.Fla.1996) (Paskay, C.J.); *In re Brickley,* 70 B.R. 113 (9th Cir. BAP 1986).

The analysis these courts use begins with 11 U.S.C. § 108(a) which extends the statute of limitations for creditors in actions against the debtor, in situations where the creditor is prevented from proceeding outside the bankruptcy court because of the automatic stay. The courts next look at 26 U.S.C. §§ 6501, 6502, and 6503(b) of the Internal Revenue Code. Sections 6501 and 6502 provide that the assessment of taxes must be made within three years after the taxpayer files a return, and that the collection of taxes must be made within six years of the assessment. Section 6503(b) suspends the collection of taxes during the pendency of a taxpayer's bankruptcy

case. Section 6503(i) extends these periods for assessment and collection for 60 days and six months respectively, after the close of the bankruptcy case. The legislative history of § 108 indicates that Congress intended to activate 26 U.S.C. § 6503 in the context of bankruptcy. *See,* S.Rep. No. 989, 95th Cong., 2nd Sess. 30–31 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787–5816, 5817.

Through the application of § 108(c) and §§ 6501, 6502 and 6503 of the Internal Revenue Code, the majority of courts have arrived at the conclusion that a prior bankruptcy proceeding tolls the three year time periods for priority and dischargeability of taxes in § 507 and § 523. A minority of courts have disagreed with this conclusion based on the plain language of § 108(c) which refers to extending the statute of limitations for "nonbankruptcy law." These courts have refused to extend the three year periods in § 507 and § 523 because these are bankruptcy law provisions, not nonbankruptcy law. *See, In re Gore,* 182 B.R. 293 (Bankr.N.D.Ala.1995). However, the court in *In re West,* 5 F.3d 423 (9th Cir.1993) explained that this is one of the rare cases when courts must look to Congressional intent behind the statute, rather than the plain language of the statute. As the court in the *Harris* case pointed out, "a literal application of § 108 and § 507 frustrates the purpose in creating the priority period and applying limitation periods in bankruptcy." 167 B.R. at 683. All of the courts who have considered this issue have pointed out the public policy considerations of tolling the time periods in § 507 and § 523. Bankruptcy courts were not intended to be a refuge for delinquent taxpayers. To hold that the three year time periods for priority and dischargeability of taxes were not tolled, would invite abuse by taxpayers, because taxes could be avoided by strategic successive filings.

■ This Court agrees with the majority of courts who have considered this issue, and therefore holds that the time periods in § 507 for priority payment of taxes and the dischargeability of taxes in § 523 are tolled during the pendency of a prior bankruptcy case.

Applying this holding to the facts of the case at bar, the Court finds that the claim filed by the IRS for taxes owed for the taxable year 1991 are entitled to priority status. The Debtor's prior bankruptcy case tolled the three year time period in § 507(a)(8) from July 22, 1994 to April 11, 1995, thereby bringing the due date of Debtor's 1991 tax return within three years of the petition filing date in the instant bankruptcy case. Accordingly, Debtor's Objection to the claim of the IRS is overruled. It is

**ORDERED:**

Debtor's Objection to Claim 4 of the Internal Revenue Service is overruled.

**DONE AND ORDERED.**