In re Johnny K. ODELL and Diann S. Odell, Debtors.

Johnny K. ODELL and Diann S. Odell, Plaintiffs,

v.

The UNITED STATES of America, Defendant.

Bankruptcy No. 96–07615–3P7. Adversary No. 97–308.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

June 29, 1998.

Mike E. Jorgensen, Jacksonville, FL, for Plaintiffs.

Bruce T. Russell, U.S. Department of Justice, Washington, DC, for Defendant.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This Proceeding came before the Court upon Plaintiffs' Motion for Summary Judgment and for Attorney's Fees, Defendant's Opposition to Plaintiffs' Motion for Summary Judgment and Attorney's Fees, and Defendant's Motion for Summary Judgment. After a hearing on April 22, 1998, the Court enters the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. In September 1995, the United States [1] (Defendant) assessed tax liabilities against

---

1. Although the Internal Revenue Service as-   sessed the taxes and continues to attempt to

Johnny and Diann Odell (Plaintiffs) for the 1986, 1987, 1988, 1989, 1990, and 1991 tax years. The assessments resulted from Defendant's denial of deductions that Plaintiffs had taken as limited partners of cattle breeding partnerships that were created to shelter income.

2. On October 3, 1995, eight days following the most recent assessment, Plaintiffs filed for relief under Chapter 7 of the Bankruptcy Code. Plaintiffs listed Defendant as a general unsecured creditor on their bankruptcy schedules. Plaintiffs' motion to dismiss the case was granted on January 16, 1996. The pendency of the bankruptcy case was 105 days.

3. Plaintiffs filed this Chapter 7 case on December 4, 1996 and were discharged on April 18, 1997.

4. After Plaintiffs' discharge, Defendant levied Plaintiffs' bank accounts in an attempt to collect the 1986–1991 taxes.

5. Plaintiffs filed an adversary proceeding seeking a judgment on the dischargeability of the taxes.

6. All of Plaintiffs' returns were timely filed more than 3 years prior to the filing of their first bankruptcy petition.

## CONCLUSIONS OF LAW

■ Summary Judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.BANKR.P. 7056(c) (1998). The party seeking summary judgment bears the burden of showing that there are no genuine issues of material fact that should be decided at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Plaintiffs assert that no genuine issues of material fact exist and that they are entitled to judgment as a matter of law because the 1986–1991 taxes were dis-

charged by the second bankruptcy case. As such, Plaintiffs seek an injunction or re-imposition of the automatic stay under § 105 to prevent Defendant from further attempts to collect the taxes.

The Court finds that there are no genuine issues of material fact. Therefore, the Court will determine whether Plaintiffs are entitled to summary judgment as a matter of law. The issue in this case is whether Plaintiffs' prior bankruptcy case tolled or suspended the 240 day period enumerated in § 508(a)(7)(A)(ii) of the Bankruptcy Code, enabling Defendant to maintain its status as a priority unsecured creditor and rendering the taxes nondischargeable.

Section 507 of the Bankruptcy Code provides the order in which claims and expenses are to be paid out of the debtor's estate. Section 507(a)(8)(A)(ii) prioritizes income taxes that are "assessed within 240 days, plus any time plus 30 days during which an offer in compromise with respect to such tax that was made within 240 days after such assessment was pending, before the date of the filing of the petition." 11 U.S.C. § 507(a)(8)(A)(ii) (1998). If the income taxes are not assessed within 240 days, the Internal Revenue Service has only a general unsecured claim against the estate instead of a priority unsecured claim.

Aside from the fact that priority unsecured claims are paid by the estate prior to general unsecured claims in a Chapter 7 case pursuant to § 726 of the Bankruptcy Code, there is a further important distinction between the two types of claims. Although the broad discharge provision of § 727(a) evidences Congress' intent to give debtors a fresh start, § 727(b) provides that certain debts are nonetheless nondischargeable. "Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter...." 11 U.S.C. § 727(b) (1998). Section 523(a)(1)(A) provides that

collect the taxes, it is not an agency authorized to sue or be sued in the name of the United States. The proper party in federal tax controversies is the United States of America. *See, Castleberry v. ATF Div.*, 530 F.2d 672, 673 n. 3 (5th Cir.1976);

*See also, Blackmar v. Guerre*, 342 U.S. 512, 515, 72 S.Ct. 410, 96 L.Ed. 534 (1952). Accordingly, the Internal Revenue Service is not properly a party to this action and is dismissed as a party defendant.

taxes that fall within the purview of § 507(a)(8) are not discharged by operation of § 727(a). 11 U.S.C. § 523(a)(1)(A) (1998). If Defendant's claim is a priority claim, the taxes are nondischargeable and Defendant may continue to attempt to collect the taxes despite the Order of Discharge. If it is a general unsecured claim, Plaintiffs were discharged by the second bankruptcy case and are no longer liable for the taxes.

Plaintiffs contend that their tax liability for the 1986–1991 tax years is not a priority claim pursuant to § 507(a)(8)(A)(ii) because the taxes were not assessed within 240 days of the filing of this case. As such, Plaintiffs assert that Defendant's claim is a general unsecured claim rather than a priority unsecured claim because of the expiration of the 240 day period prior to the filing of Plaintiffs' current bankruptcy petition. They argue that because the claim is not a priority claim, and is therefore not excepted from discharge by operation of § 523(a)(1)(A), that they were discharged from the taxes and that Defendant is precluded from further collection efforts.

Defendant concedes that the taxes were assessed more than 240 days before the filing of Plaintiffs' current bankruptcy case, but argues that § 108(c) of the Bankruptcy Code and §§ 6503(b) and 6503(h) of the Internal Revenue Code operate together to toll or suspend the 240 day period for the pendency of the first bankruptcy case plus six months. Defendant argues that §§ 108(c) and 6503(b) reflect Congress' intent to give Defendant time to collect its taxes unimpeded by any intervening bankruptcy petitions.

Bankruptcy Code § 108(c) provides in relevant part:

> [I]f applicable non-bankruptcy law ... fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, ... and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—(1) the end of such period, including any suspension of such period, occurring

on or after the commencement of the case; or (2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title as the case may be, with respect to such claim.

11 U.S.C. § 108(c) (1998).

Section 6503 of the Internal Revenue Code provides in pertinent part:

> (b) The period of limitations on collection after assessment ... shall be suspended for the period the assets of the taxpayer are in the control or custody of the Court in any proceeding before any Court of the United States ... and for six months thereafter.

> (h) The running of the period of limitations ... on the making of assessments or collection shall, in a case under Title 11 of the United States Code, be suspended for a period during which the Secretary is prohibited by reason of such case for making the assessment or from collecting ... (2) for collection, six months thereafter.

26 U.S.C. 6503(b) and (h)(2) (1998).

A strict reading of § 108(c) reveals that it acts only to suspend non-bankruptcy statutes of limitation. In *In re Burns, (Burns v. United States Internal Revenue Service)* 887 F.2d 1541, 1544 (11th Cir.1989), the Eleventh Circuit Court of Appeals held that " 'as long as the statutory scheme is coherent and consistent, there generally is no need to inquire beyond the plain language of the statute.' " (quoting *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 242–248, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989)). In keeping with the plain meaning rule as adopted by the Eleventh Circuit Court of Appeals, this Court holds that § 108(c) does not operate to extend the time periods set forth in § 507(a)(8). *See also, In re Macko*, 193 B.R. 72 (Bankr.M.D.Fla.1996) (relying on *In re Turner) (Turner v. United States Internal Revenue Service )*, 182 B.R. 317 (Bankr. N.D.Ala.1995), *In Re Elliott*, 1997 WL 401592 (Bankr.M.D.Fla.1997).[2] Accordingly,

---

**2.** Previously, the Court held in *In re Harris* that the three year priority period under § 507(a)(8)(A)(i) was tolled during the pendency

of a debtor's prior bankruptcy case. 167 B.R. 680 (Bankr.M.D.Fla.1994). Subsequently, in *Elliott,* the Court declined to follow its decision in

 

Plaintiffs are entitled to summary judgment as a matter of law. The Court finds no reason to grant Defendant's Motion for Summary Judgment.

■ Alternatively, Defendant contends that this Court should exercise its equitable powers pursuant to 11 U.S.C. § 105 to extend the priority period in order to make Defendant's claim nondischargeable. Section 105 of the Bankruptcy Code enables the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105 (1998). In support of its position, Defendant points out it must give notice to a taxpayer before it can collect the taxes, and that its collection efforts are constrained by additional delays when a taxpayer files a bankruptcy petition. The Court does not find these reasons to be sufficiently compelling such that it should exercise its equitable powers pursuant to § 105.

■ Although Plaintiffs request attorney's fees in their motion, there is neither a contractual nor a statutory basis for such an award. The Court denies Plaintiffs' request.

**CONCLUSION**

Because § 108 of the Bankruptcy Code and § 6503 of the Internal Revenue Code apply only to non-bankruptcy law, they do not toll or suspend the priority period in § 507(a)(8)(A)(ii). Additionally, the Court declines to exercise its equitable powers to extend the priority period. Because Plaintiffs' 1986–1991 taxes are not priority claims, they are not rendered nondischargeable by operation of § 523(a)(1)(A). Pursuant to § 727(a), the taxes were properly discharged by Order of Discharge dated April 18, 1997. Consequently, Defendant is precluded from taking further action to collect the taxes. The Court grants Plaintiffs' Motion for Summary Judgment but denies Plaintiffs' Motion for Attorney's Fees. The Court denies Defendant's Motion for Summary Judgment. The Court will enter a separate Order consistent with these Findings of Fact and Conclusions of Law.

*Harris* in light of the Eleventh Circuit's ruling in *Burns.*