In the Matter of Clyde J. FONTES, SSN: 417–70–6194, Debtor.

Clyde J. Fontes, Plaintiff,

v.

United States of America, Internal Revenue Department, Defendant.

Bankruptcy No. 98–81488–JAC–7.
Adversary No. 98–80138–JAC–7.

United States Bankruptcy Court,
N.D. Alabama,
Northern Division.

Sept. 25, 1998.

Cynthia Slate–Cook, Decatur, AL, for plaintiff.

Cynthia Lewis Stier, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, D.C., for defendant.

Judith Thompson, for trustee.

## MEMORANDUM OPINION

JACK CADDELL, Bankruptcy Judge.

On September 23, 1998, this matter came before the Court for summary judgment filed

by Mr. Fontes on his complaint to determine the dischargeability of tax liability owed to the United States for tax years 1987, 1988, 1989, and 1990.[1] The debtor moved for summary judgment on the ground that he incurred the subject tax liability more than three years before the filing date of the above styled petition, and that the debt is dischargeable pursuant to 11 U.S.C. § 523(a)(1)(A). The United States raised the defense that the taxes debtor alleges to be dischargeable are excepted from discharge pursuant to the statutory tolling provisions under § 108(c) of the Bankruptcy Code. Alternatively, the United States argued that the subject taxes are excepted from discharge pursuant to the equitable tolling provisions available through 11 U.S.C. § 105.

■ Mr. Fontes' tax liability shall be excepted from the discharge provisions of § 523(a)(1)(A) only if (1) the three year look back period in § 507(a)(8)(A)(i) is tolled by § 108(c) for the periods during which Mr. Fontes was a debtor in his prior bankruptcies; or (2) if the Court exercises its § 105 equitable powers to enlarge the three-year look back period. Based on the current law in the Northern District of Alabama[2] and Eleventh Circuit precedent[3], the Court finds that statutory tolling is inappropriate in this matter. The Court will, however, consider the defense of equitable tolling and the government's equitable arguments for extending the look back period in § 507(a)(8)(A)(i) at trial. Although the principle of equitable tolling cannot be "asserted to create a right nor to give a cause of action," it can be used as a defense "to prevent loss otherwise inescapable and to preserve rights already required ..." *Nolan v. United States (In re Nolan)*, 205 B.R. 885, 887 (Bankr.M.D.Tenn. 1997) (quoting *Chattanooga v. Louisville & Nashville R.R. Co.*, 298 F.Supp. 1 (E.D.Tenn. 1969)); *In re Pastula*, 203 B.R. 941, 948 (Bankr.E.D.Mich.1997).

■ The look back period prescribed in § 507(a)(8)(A) is not a statute of limitations that fixes the maximum period during which an action can be brought or right enforced, but, is a substantive element of the cause of action under § 523(a)(1)(A) that can only "be supplied by a court applying equitable principles only upon proof of substantial debtor misconduct." *Id.* This burden of proof cannot be sustained on summary judgment evidence, but must be fully developed and by an "examination of the facts and the relative positions of the parties ... in the exercise of the court's equitable power." *Quenzer v. United States (In re Quenzer)*, 19 F.3d 163, 165 (5th Cir.1993). At trial, the government must establish sufficient evidence of the debtor's inequitable misconduct to justify the enlargement of the time period for the nondischargeability of taxes in § 507(a)(8)(A) and the denial of the debtor's fresh start. *In re Macko*, 193 B.R. 72, 75–76 (Bankr. M.D.Fla.1996) (finding IRS must produce evidence of inequity to invoke the remedy of equitable tolling). To sustain this burden, the government should be prepared to offer specific evidence of the relative equities of the parties and be prepared to address the following questions recently proposed by one commentator:

> Is there any misconduct on the part of the debtor? Was the IRS or the state agency diligent in attempting to collect the tax? Did the IRS file a motion to lift the stay in

---

1. In its answer, the United States alleges that the plaintiff is indebted to the IRS for the taxable years 1986, 1987, 1988, 1989, and 1990, and an employment tax liability for the period ended December 31, 1992.

2. *See Turner v. United States (In re Turner)*, 182 B.R. 317 (Bankr.N.D.Ala.1995) (J. Cohen), *adhered to on reconsideration*, 195 B.R. 476 (Bankr. N.D.Ala.1996), *aff'd In re Turner*, —— CV —— (N.D.Ala.1997) (holding that the time periods in § 507(a)(8)(A) are statutory elements of the cause of action in § 523(a)(1) and are not automatically enlarged or tolled by a prior bankruptcy case). The issue of statutory tolling is also currently pending before the Eleventh Circuit in the case of *In re Morgan*, No. 1:97–CV–604–JEC (N.D.Ga. Jan. 23, 1998).

3. *See Burns v. United States (In re Burns)*, 887 F.2d 1541 (11th Cir.1989), in which the Eleventh Circuit warned that courts must look to the plain language of a statute and where such language is unambiguous, enforce the statute without reference to legislative history. Under the plain language of 108(c), the suspensions provided therein only apply when created by applicable non-bankruptcy law, and is, therefore, not applicable by its own terms to § 523(a)(1).

the prior case to protect its claim? Did the IRS make any objection to the distribution scheme in the prior plan? Did the IRS move to convert the prior case? Did the IRS protect its claim when the discharge or dismissal order was entered in the prior case? Did the IRS make any collection efforts at all during the time open to it? How much collection time was available to the IRS after the end of the first case? Was the debtor's tax delinquency account even referred back to the Collections Division after the prior case was completed or dismissed? What notices, demand letters, liens, or levies were sent by the IRS to the debtor? What are the circumstances that cause the second filing? Is the second filing a good faith filing? Have the circumstances of the debtor changed since the first filing?

Walter B. Thurmond, *Is there really any "Equity in the Discharge of Tax Claims," in* Norton BANKRUPTCY LAW ADVISOR, Sept. 1998, Issue No. 9, at 7–8.

Based upon the foregoing, the Court finds that the motion for summary judgment shall be kept in abeyance and heard again with the trial scheduled in this matter.

A separate order will be entered consistent with this opinion

### MEMORANDUM ORDER

In conformity with and pursuant to the memorandum opinion of the Court contemporaneously entered herewith and for reasons set forth therein,

It is ORDERED, ADJUDGED AND DECREED that:

1. The United States' equitable arguments cannot be resolved on summary judgment and will be continued for trial.

2. The trial in this matter currently scheduled for November 16, 1998, is continued to **December 8, 1998, at 9:00 o'clock p.m. at the Seybourn H. Lynne Federal Courthouse, Cain** Street Entrance—3rd Floor Courtroom in Decatur, Alabama.

