**In re Latisha Marchelle WILLIAMS, Debtor.**

**No. 06–32976–KRH.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

Nov. 22, 2006.

---

Nnika E. White, Law Offices of White and Associates, PC, Richmond, VA, for Debtor.

## *ORDER*

KEVIN R. HUENNEKENS,
Bankruptcy Judge.

This matter comes before the court on the motion of Latisha Marchelle Williams (the "Debtor") to extend automatic stay pursuant to 11 U.S.C. § 362(c)(3)(B), and on the Debtor's separate motion for an expedited hearing thereon. For the reasons set forth below, both motions are DENIED.

■ The Debtor filed a petition for relief under chapter 13 of the Bankruptcy Code, 11 U.S.C. §§ 1301, *et. seq.*, on October 25, 2006. The Debtor had filed a prior case under chapter 13 on June 11, 2004, which was dismissed on September 23, 2005. The prior case was not closed until November 9, 2005. The Debtor's request assumes that her case is governed by the provisions of § 362(c)(3) of the Bankruptcy Code, 11 U.S.C. § 362(c)(3) (2006). That section provides as follows:

> (3) If a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor *was pending within the preceding 1–year period but was dismissed,* other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)—

(A) the stay ... with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;

(B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30–day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed; ...

11 U.S.C. § 362(c)(3)(A, B)(emphasis added).

The quoted language of § 362(c)(3) effectively provides that where a debtor has been a debtor in a previous bankruptcy case that was pending within one year of the filing of the new case, the automatic stay of § 362(a) terminates on the 30th day following the new filing unless within that 30 days the debtor seeks an extension of the stay and the court grants the extension within the 30 days. In order to obtain an extension of the stay, the debtor must prove that the filing of the new case was in good faith as to the creditors that would be affected by the stay.

The instant motion was not filed in time for the court to set and complete the hearing required by § 362(c)(3)(B) of the Bankruptcy Code before the expiration of the 30–day period. While the Debtor's previous case was open within the one year preceding the filing of this case, that case was dismissed prior to the applicable one-year period. The question before the court is whether the Debtor's prior case was "pending" during the preceding one-year period as that word is used in 11 U.S.C. § 362(c).

■ The word "pending" is not defined in the Bankruptcy Code. Black's Law Dictionary defines "pending" as "remaining undecided; awaiting decision." This definition would suggest that a case remains pending so long as there is something to be decided. Closing of the case is purely an administrative function that requires no substantive decision making. It would follow that a case remains pending until dismissal, not closure.

Courts have routinely equated "pending" with "not dismissed." *In re Richardson,* 217 B.R. 479 (Bankr.M.D.La.1998) (interpreting the word "pending" in the context of 11 U.S.C. § 109(g) to mandate dismissal of all cases filed within 180 days after voluntary dismissal of prior case if voluntary dismissal was requested after motion for relief from stay). *See also, Hollowell v. Internal Revenue Serv. (In re Hollowell),* 222 B.R. 790, 794 (Bankr. N.D.Miss.1998) (concluding that the two-year look back period in 11 U.S.C. § 523(a)(1)(B)(ii) was tolled for the time the debtor's previous case was "pending," plus an additional six months after dismissal, pursuant to 28 U.S.C. § 6503(b) and (h)). Such application of "pending" in other contexts suggests that the dismissal of the case should be the relative measuring event and not the date the case is administratively closed. *In re Moore,* 337 B.R. 79 (Bankr.E.D.N.C.2005); *In re Thomas,* 352 B.R. 751, 753 n. 2 (Bankr. D.S.C.2006).

In *In re Moore,* 337 B.R. 79 (Bankr. E.D.N.C.2005), Judge Small concluded from a policy standpoint that a case is no longer pending once it is dismissed.

It is ... reasonable to conclude from a policy standpoint that a case is no longer "pending" once it has been dismissed. The automatic stay does not protect a debtor after the earlier of dismissal or the closing of the case. 11 U.S.C. § 362(c)(2). The debtor no longer receives the benefit of the automatic stay after dismissal. Further, the debtor has no control over when the case is closed after dismissal (though the debtor may be able to control when a case is dismissed if a voluntary dismissal is filed).

*Id.* at 81.

Given the meaning and application of the word "pending" and given the policy considerations involved, it would appear that a case is no longer pending once it has been dismissed. As the Debtor's previous case that was filed in 2004 was dismissed on September 23, 2005, it was not pending during the one-year period preceding the filing of the Debtor's current case. Therefore, § 362(c)(3) does not apply to the Debtor's case and the automatic stay does not terminate with respect to the Debtor on the 30th day after the filing of the present case. Accordingly,

**IT IS ORDERED** that the motion for continuation of the stay with respect to the Debtor is **DENIED;**

**IT IS ORDERED** that the Debtor's motion for expedited hearing is **DENIED;** and

**IT IS FURTHER ORDERED** that the automatic stay of § 362(a) shall not terminate with respect to the Debtor but shall continue throughout the Debtor's case subject to the further order of this court.